IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>  Petitioner,<br><br> v.<br><br>HOLLAND,<br><br>  Respondent. | Case No. 1:14-cv-00162 MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILING TO STATE COGNIZABLE CLAIM**<br><br>**[Doc. 1]** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 6, 2014. (Pet., ECF No. 1.) In the petition, Petitioner challenges a disciplinary proceeding resulting in his transfer to a different correctional institution. (Pet. at 5.)

**I.    DISCUSSION**

   **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.    Failure to State Cognizable Claim**

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner challenges a prison disciplinary proceeding. (Pet.) However, Petitioner has not alleged that the disciplinary proceeding increased the duration of his confinement. Instead, he asserts that it resulted in his transfer to a different prison. Accordingly, it does not appear that Petitioner's claims are cognizable grounds for federal habeas corpus relief.

**II.    ORDER**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for failure to state a cognizable claim. Petitioner is ORDERED to

1  inform whether the present petition implicates the duration of Petitioner's confinement
2  within thirty (30) days of the date of service of this order.
3      Petitioner is forewarned that failure to follow this order will result in dismissal of
4  the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   February 25, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE