IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>HOLLAND,<br><br>　　　　　　　　　　Respondent. | Case No. 1:14-cv-00162 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**(Doc. 14)** |

I. **INTRODUCTION**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254. Respondent is represented in this action by Maria Chan, Esq., of the Office of the Attorney General for the State of California.

Petitioner filed the instant petition for writ of habeas corpus on February 6, 2014. (Pet., ECF No. 1.) In the petition, Petitioner challenges a disciplinary proceeding resulting in his transfer to a different correctional institution. (Pet. at 5.)

On April 22, 2014, Respondent filed a motion to dismiss the petition on the grounds that the allegations are too vague and conclusory to state a claim and establish standing. Alternatively, Respondent moves the Court to require Petitioner to file a more definite statement due to the conclusory nature of Petitioner's claims. Petitioner filed a

Opposition to the Motion to Dismiss on May 5, 2014.

**II.    DISCUSSION**

    **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    **B.    Petitioner's Claims**

Petitioner presents three claims in his petition. Under "Ground one," Petitioner states, "At my disciplinary hearing. I was transfer [sic] from Salinas to Tehachapi. I was deny [sic] witnesses and [sic] reporting employee, and allege evidence." (See Pet. at 5.) Under "Ground two, Petitioner states, "I was deny [sic] reporting employee and my witness." (Id. at 5.) Finally under "Ground three," Petitioner states, "Deny [sic] to mail property home with postages stamp. Inmate file [sic] timely." (See Id. at 6.) This is the extent of Petitioner's allegations.

In response to Petitioner's state claims, Respondent asserts:

> [T]here are no supporting facts to support any claim for relief. It is unclear from the bare allegations in the Petition what the State courts did or relied on that warrants federal habeas corpus relief. In fact, while Petitioner alleges "Exhaustion Completed" (Pet. at 7), he does not attach any state court decisions, or at a minimum reference any state court documents. Without this information, Respondent is unable to defend the merits of Plaintiff's claims and determine whether affirmative defenses apply, such as state-court exhaustion or statute of limitations.

(Mot. to Dismiss at 3.)

The Court agrees with Respondent that Petitioner's statements in his Petition are

not sufficiently specific and therefore prevent Respondent from properly responding to Petitioner's claims. The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases. Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Mayle, 545 U.S. at 655. Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

As noted, Petitioner does not specify which disciplinary decision he is challenging or what federal law was violated by Respondent. Without more, Respondent cannot reasonably be expected to respond to Petitioner's claims. However, in Petitioner's opposition to the motion to dismiss, Petitioner notes that he challenges a September 9, 2011 rule violation report, and that he challenges his due process rights at the hearing under Wolff v. McDonnell, 418 U.S. 539 (1974) and Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). If presented with sufficient specificity it appears that Petitioner can present colorable claims that are appropriate for a federal habeas petition.

It is recommended that the petition be dismissed as vague and conclusional. Jones, 66 F.3d at 204-05; James, 24 F.3d at 26. However, the Court shall provide Petitioner another opportunity to state his claims in a second amended petition. Jarvis,

440 F.2d at 14. The Court shall provide Petitioner a blank petition for writ of habeas corpus form. Petitioner is advised that he must reference the instant case number and designate his petition as a "Second Amended Petition." Petitioner must present his claims in sufficient detail to provide Respondent the ability to comprehend and respond with reasonable effort. Petitioner is forewarned that failure to comply with this order will result in dismissal of the action under local rule 110.

### III.  RECOMMENDATION

Accordingly, it is hereby recommended that the motion to dismiss be granted in part and the petition be dismissed without prejudice to Petitioner filing a Second Amended Petition providing sufficient facts, arguments, and legal authority to support his claims.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 12, 2014                               /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE