IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>HOLLAND,<br><br>　　　　　　　Respondent. | Case No. 1:14-cv-00162 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**(Doc. 26)** |

## I. INTRODUCTION AND PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254. Respondent is represented in this action by Maria Chan, Esq., of the Office of the Attorney General for the State of California.

Petitioner filed the instant petition for writ of habeas corpus on February 6, 2014. (Pet., ECF No. 1.) In the petition, Petitioner challenged a disciplinary proceeding resulting in his transfer to a different correctional institution. (Pet. at 5.)

On April 22, 2014, Respondent filed a motion to dismiss the petition on the grounds that the allegations are too vague and conclusory to state a claim and establish standing. On May 12, 2014, this Court issued findings and a recommendation to grant the motion to dismiss. (ECF No. 17.) The Court agreed with Respondent that Petitioner's

1 statements in his original petition were not sufficiently specific and therefore prevented
2 Respondent from properly responding to Petitioner's claims. Specifically, the Court found
3 Petitioner did not specify which disciplinary decision he is challenging or what federal law
4 was violated by Respondent. (Id.) However, the Court recommended that Petitioner be
5 provided another opportunity to state his claims in a second amended petition. Petitioner
6 was forewarned that failure to comply could result in the dismissal of the petition.

The Court adopted the findings and recommendation on July 15, 2014, and on July 21, 2015, Petitioner was ordered to file an amended petition. (ECF Nos. 21-22.) Petitioner filed an amended petition on August 7, 2014 and the Court ordered Respondent to file a response to the petition on August 28, 2014. (ECF Nos. 23-24.) On October 27, 2014 Respondent filed a second motion to dismiss asserting that Petitioner's claims were too vague and conclusory to state a claim. (Mot. to Dismiss, ECF No. 26.) Petitioner filed an opposition to the motion on November 7, 2014. (Opp'n, ECF No. 27.) The matter stands ready for adjudication.

**II.     DISCUSSION**

**A.     Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Petitioner's Claims**

Petitioner presents four claims in his petition. Under "Ground one," Petitioner states:

2

> After May 2011. On Sept. 9, 2011 I was given an unwanted 115 Disciplinary, and SHU term. Release from SHU May 28, 2013. I was deny the allege reporting employee and adverse witnesses at the hearing 2013. And allege evidence 602 exhausted. Director of Correction fail to go by C.C.R. Tittle 15 which is contrary to Federal Law.

(ECF No. 23.) Further, Petitioner states that his second claim is the same as the first. (Id.)   In response to Petitioner's state claims, Respondent asserts:

> Petitioner's supporting facts are incomprehensible. While he complains of a disciplinary on September 9, 2011, he next alleges the denial of witnesses in 2013. Moreover, it is unclear if he exhausted his state judicial remedies as he makes no mention of any state court decisions or why the state court's decision was contrary to or based on an unreasonable application of federal law. Petitioner attaches no supporting documentation. It is not possible to decipher from these allegations the basis of Petitioner's claims. Without more specific information, Respondent is unable to defend the merits of Plaintiff's claims and determine whether affirmative defenses apply, such as state-court exhaustion or statute of limitations.

(Mot. to Dismiss at 4.)

The Court agrees with Respondent that Petitioner's statements in his Petition are insufficiently specific and therefore prevent Respondent from properly responding to Petitioner's claims. The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases. Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Mayle, 545 U.S. at 655. Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d

1  20, 26 (9th Cir. 1994).

2  As noted, Petitioner specifies which disciplinary decision he is challenging but
3  does not describe what federal law was violated by Respondent. Petitioner attached no
4  supporting documents to the amended petition. In his November 7, 2014, opposition to
5  the motion, he does provide some supporting documents, but none of the documents
6  make clear what claims he is presenting and whether he has properly presented those
7  claims to the state courts. Further, this is Petitioner's second attempt to allege claims,
8  and he previously was warned that his claims were too vague and conclusory to state a
9  claim. Respondent cannot reasonably be expected to respond to Petitioner's claims
10 without further sufficiency that Plaintiff appears unable to provide.

11 Like his first and second claims for relief, his third and fourth claims fare no better.
12 Petitioner's third claim for relief states:

> Petitioner was deny Due Process of law, loss of property. The officer acted oppressively and abusively. Depriving me "Postage Stamp" to mail out Property. Trust Account Officer Told him inmate can mail out Property. The Property Officer destroy my property. Exhaustion Completed.

(Am. Pet., ECF No. 23.) And Petitioner's fourth claim for relief states:

> I was given unwanted disciplinary, deny priveledge, by allege gang affiliation or association. I file a 602 deny to attach, all court document, abstract of judgment to show allege "gangs" this late 128, was given to me 2012 allege he heard me the year 2009 40 yard away "admission" of gang. I was deny a "hearing of above."

(Id.) Like Petitioner's first and second claims, Petitioner's third and fourth claims are also too vague and conclusory to properly state a claim. Jones, 66 F.3d at 204-05; James, 24 F.3d at 26. While Petitioner refers to his due process rights in his third claim, he provides no factual support to describe what property was lost and how that violated his due process rights. Likewise, his fourth claim generally mentions disciplinary proceedings and gang validation issues, but it is not possible from the amended petition to determine which administrative proceedings he is challenging and what action by Respondent violated his federal rights. None of the exhibits attached to Petitioner's opposition clarify what is claimed.

4

Accordingly, it is recommended that the petition be dismissed as vague and conclusional. Jones, 66 F.3d at 204-05; James, 24 F.3d at 26. As Petitioner has had the opportunity to amend his petition, yet is still unable to state claims with sufficient particularity to allow Respondent to properly respond, it is recommended that the motion to dismiss be granted and the amended petition be dismissed without prejudice.

## III.  RECOMMENDATION

Accordingly, it is hereby recommended that the motion to dismiss be granted in and the petition be dismissed without prejudice.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 24, 2014                    /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE